UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CASE NO. 2:22-CR-00069-01** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **WHITNEY HEBERT (01)** | **:** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Defendant appeared in court on January 25, 2024, pursuant to 18 U.S.C. § 4241(d) and Defendant's Motion for a Psychiatric Examination [doc. 24], which calls upon the Court to "determine whether the defendant has the capacity to understand the proceedings against him." Doc. 40 (minutes). The Court received into evidence two psychological examination reports performed pursuant to 18 U.S.C. § 4241 (b) and (d)(1), both of which expressed the opinion that Defendant lacks the capacity to proceed to trial. Docs. 29, 37 (sealed). The Government does not intend to contest the opinions expressed therein, and no evidence beyond these reports was offered by either party. Accordingly, for the following reasons,

**THE COURT FINDS**, by a preponderance of the evidence, based on the report of Allyson Sharf, Ph.D, and Tracy O'Connor Pennuto, J.D., Ph.D., and the report of Lacie L. Biber, Psy. D., the defendant is currently suffering from a mental disease or defect that renders him not competent to stand trial and that there is not a substantial likelihood that Defendant will improve to such an extent that his competency to proceed may be restored. Accordingly,

**IT IS HEREBY ORDERED** that the defendant is incompetent to proceed to trial under 18 U.S.C. § 4241.

**BACKGROUND**

The defendant was indicted on March 17, 2022, and charged with receipt and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(A-B) (Counts 1-4). Doc. 1. On April 13, 2022, the defendant made his initial appearance, and he was arraigned on April 18, 2022 after retaining counsel. Docs. 11, 16. On June 22, 2022, defendant's counsel filed a motion for a hearing to determine the defendant's mental competency pursuant to 18 U.S.C. § 4241. Doc. 24. The motion was granted, and the Court ordered defendant transferred to the custody of the Bureau of Prisons for an evaluation under 18 U.S.C. §§ 4241 – 4242.

Lacie L. Biber, Psy. D., evaluated Defendant at the Federal Medical Center in Fort Worth, Texas, and issued a report dated September 19, 2022, in which she opined that intellectual deficits associated with his diagnosis of Moderate Intellectual Developmental Disorder and Neurodevelopmental Disorder Associated with Klinefelter Syndrome "appear to impair his factual and rational understanding of the legal process and his charges." Doc. 29, p. 13 (sealed). Dr. Biber expressed concerns regarding his ability to work collaboratively with his attorney or to understand the rationale relating to plea agreements without further education as to his legal circumstances. *Id.* In addition to her own impressions, Dr. Biber's report contains a summary of multiple assessments Mr. Hebert underwent during his schooling, which consistently identified academic, functioning, and intellectual deficits and assigned age and grade-level equivalents ranging from 4 to 8 years of age. Doc. 29. Ultimately, Dr. Biber recommended Mr. Hebert undergo additional evaluations and treatment to ascertain if his mental condition could be sufficiently improved to allow the proceedings to go forward.

Following receipt of the evaluation, the Court ordered that Defendant undergo an additional period of evaluation and treatment at a Federal Medical Center within the Federal Bureau of Prisons pursuant to 18 U.S.C. § 4241(d) for a period not to exceed 120 days. Doc. 32. He was transported to the Federal Medical Center in Butner, North Carolina, where he was evaluated by Dr. Allyson Sharf, Ph.D, and Tracy O'Connor Pennuto, J.D., Ph.D. Doc. 37 (sealed). During the evaluation period, medical and mental health staff observed the Defendant's behavior and conducted clinical interviews, a neuropsychological consultation, and administered psychiatric medication. The Defendant was also enrolled in a Competency Restoration Group targeted at increasing pretrial inmates' understanding of the legal process, which he attended consistently, and in additional mental health treatment groups, including an Illness Management and Recovery group.

Following the evaluation period, Dr. Sharf and Dr. Pennuto submitted a report dated November 20, 2023, in which they opined that Defendant's cognitive deficits would prevent him from fully understanding courtroom proceedings, evaluating the case against him, assessing the appropriateness of a guilty plea, or meaningfully consulting with counsel. They concluded:

> Title 18, U.S.C., § 4241 specifies a defendant is incompetent to proceed to trial if, as a result of a mental disease or defect, s/he "is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Although the determination of Mr. Hebert's competency is ultimately a decision for the Court, it is my opinion that Mr. Hebert is currently suffering from a mental disease or defect, namely neurodevelopmental disorder associated with Klinefelter Syndrome and intellectual disability, which renders him not competent to stand trial.
>
> Furthermore, it is my opinion that there is not a substantial likelihood that Mr. Hebert will improve to such an extent that his competency to proceed may be restored. . . .

Doc. 37.

The court conducted a hearing on January 25, 2024, and received into evidence the psychological evaluations described above. Counsel for the Government stated on the record that the opinions contained therein would not be contested. No additional evidence was submitted by either party.

## LAW AND ANALYSIS

### A. Legal Standards

A criminal defendant may not be tried unless he is competent. *Pate v. Robinson*, 383 U.S. 375, 378 (1966). An erroneous determination of competence threatens a fundamental component of our criminal justice system—the basic fairness of the trial itself. *Cooper v. Oklahoma*, 517 U.S. 348, 364 (1996). A defendant is incompetent if, after hearing, "'the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[.]'" *United States v. Abou-Kassem*, 78 F.3d 161, 164–65 (5th Cir. 1996) (alteration added) (quoting 18 U.S.C. § 4241(d); citing *United States v. Dockins*, 986 F.2d 888 (5th Cir. 1993)).

At any time after the commencement of a prosecution and prior to the sentencing, either the defendant or the Government may move for a hearing to determine the mental competency of the defendant. 18 U.S.C. § 4241(a). Prior to such hearing, the court may order a psychiatric or psychological evaluation of the defendant. *Id.* If, after any initial psychiatric or psychological examination and a competency hearing, the court determines the defendant is not competent to stand trial, the court must order additional evaluation to determine if competency may be restored:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense,

4

> the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility [ . . . ] for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward[.]

18 U.S.C. § 4241(d)(alterations added). Thereafter, 18 U.S.C. § 4241(d) authorizes the court to order the Attorney General to hospitalize the defendant for treatment for an additional reasonable period of time until the earlier of: 1) the point in time that his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or 2) the pending charges are disposed of whichever comes earlier. 18 U.S.C. § 4241(d)(2). Additionally, the statute provides that "[i]f, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248." 18 U.S.C. § 4241(d).

**B.    Competency Determination and Further Proceedings**

Based on the evidence submitted at the hearing, this Court finds by a preponderance of the evidence that the Defendant is currently suffering from a mental disease or defect that renders him mentally incompetent to the extent he is unable to consult with his lawyer with a reasonable degree of rational understanding and is unable to form a rational understanding of the criminal proceedings. Accordingly, the Court finds the Defendant is not able to properly assist in his defense. Further, the Court finds there is a substantial probability the Defendant's competency cannot be restored or improved to the point that proceedings against him can go forward.

Under 18 U.S.C. § 4241(d), Defendant is now subject to the provisions of 18 U.S.C. § 4246 and § 4248.  Drs. Sharf and Pennuto opined that Defendant did not warrant a certificate of

dangerousness under 18 U.S.C. § 4246. Doc. 37. They offered no opinion concerning the application of 18 U.S.C. § 4248 to Defendant.

At the conclusion of the competency hearing, the government indicated its intention to invoke the provisions of 18 U.S.C. § 4248 for a determination as to Defendant's status as a "sexually dangerous person" and possible civil commitment in relation thereto. The Court ordered the Government to submit its certificate according to § 4248 by close of business on January 26, 2024. Doc. 40. On January 26, 2024, the parties exchanged communications with the Court with respect to further proceedings under § 4248, in response to which the Court ordered a telephone status conference and suspended the Government's certification deadline. Doc. 42. The minutes of that conference contain additional orders governing further proceedings [doc. 43], and the Government has now filed an unopposed motion for evaluation under § 4248 [doc. 44], which the court will address separately. Doc. 44.

## CONCLUSION

**THE COURT FINDS**, by a preponderance of the evidence, based on the report of Allyson Sharf, Ph.D, and Tracy O'Connor Pennuto, J.D., Ph.D., and the report of Lacie L. Biber, Psy. D., the Defendant is currently suffering from a mental disease or defect that renders him not competent to stand trial because he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and that there is not a substantial likelihood that Defendant will improve to such an extent that his competency to proceed may be restored. Accordingly,

**IT IS HEREBY ORDERED** that the Defendant is incompetent to proceed to trial under 18 U.S.C. § 4241.

By separate order, Defendant is ordered to remain in the custody of the Attorney General pending resolution of these proceedings.

THUS DONE AND SIGNED in Chambers this 5th day of February, 2024.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**