UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**UNITED STATES OF AMERICA**          **CASE NO. 2:22-CR-00069-01**

**VERSUS**          **JUDGE JAMES D. CAIN, JR.**

**WHITNEY HEBERT (01)**          **MAGISTRATE JUDGE LEBLANC**

**ORDER TO AMEND**

Pursuant to 18 U.S.C. § 4241(d) and § 4248, the Court ordered Defendant to submit to psychiatric examination and evaluation and further ordered that the resulting report should be provided to the undersigned and counsel of record upon its completion. Doc. 47. Before the Court is Defendant's Writ of Habeas Corpus [doc. 50], wherein Defendant asserts that he is in continued Government custody in violation of the Constitution or laws of the United States. Defendant therefore files for a writ of habeas corpus under 28 U.S.C. § 2241. *Id.* at p. 4, ¶ 12.

When proceeding under habeas corpus statute 28 U.S.C. § 2241, the application for writ of habeas corpus "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. Defendant does not identify the facility in which he is being held or name as respondent the director or warden of the facility in which he is being held. "A habeas petitioner challenging the legality of his custody pursuant to § 2241 must name his warden as respondent . . . ." *Martinez v. United States*, No. CIV.A. 09-1707, 2009 WL 3614454, at *1 (W.D. La. Nov. 2, 2009) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004)). Additionally, under 18 U.S.C. § 4247 (g)-(h), which Defendant implicitly references in his motion [doc. 50, ¶¶ 9-10], a motion for

hearing to determine whether the detainee should be released "shall be sent to the director of the facility in which the person is committed and to the attorney for the Government."

Failure to name the proper custodian is a procedural defect requiring amendment. *Castro Flores v. Dretke*, 120 F. App'x 537, 539 (5th Cir. 2005) (citing *West v. State of La.*, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds by* 510 F.2d 363 (5th Cir. 1975)) ("the district court should have required Flores to amend his petition to name the proper federal custodian"). Accordingly,

**IT IS ORDERD** that the Defendant shall amend the application for habeas corpus to name a proper respondent, including identifying the facility where Defendant is being held, within thirty (30) days of the date of service of this order.

**IT IS FURTHER ORDERED** that the undersigned will conduct a telephone status conference in this matter on **October 16, 2024, at 10:00 a.m**., to discuss the progress made toward completion of the examination and evaluation contemplated by this Court's prior order. Counsel are to call the Chambers Teleconference Line at 877-336-1274, Access Code 7066014, to participate in the telephone status conference.

**THUS DONE AND SIGNED** in chambers this 9th day of October, 2024.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**