UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**UNITED STATES OF AMERICA**              **CASE NO. 2:22-CR-00069-01**

**VERSUS**                                **JUDGE JAMES D. CAIN, JR.**

**WHITNEY HEBERT (01)**                   **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the court is an Amended Writ of Habeas Corpus, whereby Defendant Whitney Hebert challenges his continued detention pursuant to 18 U.S.C. § 4248. Doc. 53. Because habeas corpus is an extraordinary remedy usually available only in the absence of other appropriate remedies, the request is construed as motion for discharge under 18 U.S.C. § 4247(h). *Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004).

Hebert was indicted in this court on charges of receipt and possession of child pornography. Doc. 1. The government moved for detention and Hebert waived his right to a detention hearing. Docs. 15, 17. Accordingly, Hebert was ordered detained pending trial. Doc. 18. On Hebert's motion, the court ordered psychiatric evaluation [docs. 26, 32] under 18 U.S.C. § 4241 to determine his capacity to stand trial. Docs. 26, 32. The court ultimately determined that Hebert lacks the capacity to stand trial and that there is no reasonable possibility that he will attain the capacity to stand trial. Doc. 46. Hebert became at that point "subject to the provisions of sections 4246 and 4248," per 18 U.S.C. § 4241(d), and on the Government's motion, Hebert was ordered to submit to further psychiatric examination to determine whether Defendant is a sexually dangerous person under 18 U.S.C. § 4248. Doc. 47. Hebert was committed to the custody of the

Attorney General pending completion of the assessment under 18 U.S.C. § 4248, and he is currently detained at the Calcasieu Parish Sheriff's Office. Docs. 45, 53.

Hebert now moves to challenge the basis of his continued detention. Doc. 53. The Court finds that the motion "plausibly allege[s] that the detainee is entitled to discharge." *United States v. Maclaren*, 866 F.3d 212, 216 (4th Cir. 2017) (alteration added). Considering the Government's response indicating that he will not be certified as a sexually dangerous person and that the Government does not oppose his release [doc. 55], his immediate discharge is required under 18 U.S.C. § 4248(e). *See Maclaren*, 866 F.3d 212 at 216-17 (applying discharge provisions 18 U.S.C. § 4248(e) in the context of a § 4247(h) discharge request).

Considering the motion [doc. 53] and the Government's response indicating no opposition thereto,

It is **HEREBY ORDERED** the motion is **GRANTED**.

It is **FURTHER ORDERED** that Defendant Whitney Hebert be and hereby is **DISCHARGED** from the custody of the U.S. Attorney General effective immediately and that the pretrial detention order [doc. 18] be **REVOKED**. Accordingly, there is no basis for his continued detention in this matter.

**THUS DONE AND SIGNED** in Chambers on this 21st day of October, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE